David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Phone:       (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiff
Christina Papazian and Jason Bell

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina Papazian and Jason Bell<br><br>Plaintiff,<br>v.<br><br>Global Exchange Vacation Club;<br>and Pinnacle Recovery, Inc.,<br><br>Defendants. | Case No: '16CV2604 WQHBLM<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Christina Papazian and Jason Bell, (Plaintiffs), through Plaintiffs' attorneys, brings this action to challenge the actions of Global Exchange Vacation Club (hereinafter referred to as "GEVC"), and Pinnacle Recovery, Inc. ("Pinnacle" all jointly referred to as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant Pinnacle's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and both Defendants' the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Because Defendants do business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as the Plaintiffs lived in this venue at the time of the alleged violations took place, and Defendants conduct business within this venue.

11. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

12. Plaintiffs are a natural person who resides in the City of Poway, State of California.

13. Plaintiffs are a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant Pinnacle is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined

by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. At all relevant times Defendants conducted business within the State of California.

17. Plaintiffs are informed and believe and thereon allege that Defendant Pinnacle was acting as an agent of Defendant GEVC; Therefore, Defendant GEVC can be held responsible and is vicariously liable for the conduct of Defendants Pinnacle and vice versa, and Plaintiffs incorporates all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

## FACTUAL ALLEGATIONS

18. On or about July 21, 2013, Plaintiff is alleged to have incurred certain financial obligations to GEVC for a timeshare.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime prior to November 9, 2015, Defendant GEVC transferred Plaintiffs' account to Defendant Pinnacle for collection.

22. Defendant Pinnacle then sent Plaintiff Papazian a collection letter, dated November 9, 2015 (hereinafter referred to as the "November 9th Pinnacle Letter") in an attempt to collect on Plaintiff's GEVC account.

23. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

24. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. In this November 9th Pinnacle Letter, Defendant Pinnacle included a "Misc Costs: $1,938.15."

26. Since the date of receiving the November 9th Pinnacle Letter, Plaintiffs have asked both Defendants several times what this charge was for, but Plaintiffs have not received an explanation.

27. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendants violated 15 U.S.C. § 1692f(1).

28. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

29. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e.

30. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

31. Because Defendants' above described conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through

California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

32. Upon receiving the November 9th Pinnacle Letter, Plaintiff Bell called Defendant GEVC, to discuss this letter. During this conversation the Misc Costs: $1,938.15 could not be explained. Additionally, Defendant GEVC's agent stated that once Plaintiffs' account was sent to Pinnacle, the account could not be taken back until the account was brought current.

33. Based on actions later taken on Plaintiff's account Defendant GEVC's statement about the placement of Plaintiff's account proved to be untrue.

34. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e.

35. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

36. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

37. Because Defendants' above described conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

38. On or about September 12, 2016, Plaintiff Papazian called Defendant Pinnacle regarding her account and spoke to Pinnacle's agent Danny Cooper. During this conversation Mr. Cooper stated that GEVC had taken Plaintiffs' account back.

39. Plaintiff Papazian then immediately called Defendant GEVC, but an agent there was not able to access any of Plaintiffs' account information.

40. Plaintiff Papazian then called Defendant GEVC again on September 27, 2016. During this conversation GEVC's agent stated a balance higher than Plaintiff believed the current balance to be. GEVC's agent refused to explain the "Misc Costs of $1938.15." Additionally when Plaintiff about this amount, GEVC's agent was rude and condescending and instead of answering Plaintiff's question made the statement, "Let me put it this way, you haven't made a payment since 2014."

41. This statement was untrue as Plaintiffs had made several regular monthly payments to Defendant Pinnacle throughout the preceding year.

42. Defendant GEVC's agent then went on to claim that Defendant Pinnacle *gave* Plaintiff's account. This statement is contradictory to Defendant Pinnacle's statements that Defendant GEVC had *taken* the account back.

43. Frustrated and upset with Defendant's conduct and lack of explanation on her account, Plaintiff ended the call.

44. On or about September 28, 2016 Plaintiff again called Defendant GEVC. During this conversation Plaintiff spoke to Defendant's agent Leonard. Plaintiff believes this is the same agent that she spoke to the day before. During this conversation Leonard again claimed that Pinnacle had given Plaintiff's account back. Leonard was unable to fully answer Plaintiff's questions and told Plaintiff a supervisor would call her back.

45. Later this same day Defendant GEVC's agent, Derek, called Plaintiff claiming he was a supervisor. During this conversation Derek claimed the contract with Pinnacle ended and that is why the account was taken back. Additionally, Derek claimed a new debt collector, Monterey Financial, had Plaintiff's account. Further during this conversation, Derek requested payment and threatened that Monterey would add on additional collections costs to

Plaintiff's account. However, Derek refused to explain what that fee would be nor the basis to add that fee to Plaintiff's account.

46. Frustrated and confused Plaintiff then again called Defendant Pinnacle in an attempt to track down her payment history and account total. During this conversation Plaintiff explained to Defendant Pinnacle's agent Danny Cooper that GEVC was claiming she had not made any payments. Mr. Cooper stated that is "absolutely not true as Pinnacle sends daily reports to GEVC so they know when you made payments and how much."

47. Through this conduct in September 2016, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

48. Through this same conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

49. Additionally through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e.

50. Through this conduct, Defendants also made a false representations concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

51. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

52. Because Defendant's above described conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through

California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

53. Defendants actions and misstatements caused Plaintiff a great deal of frustration, confusion, anger and wasted time which the FDCPA was designed to eliminate.

54. Due to Defendants abusive conduct, Plaintiffs suffered additional actual damages in the form of mental anguish, emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, frustration, worry, feelings of helplessness and hopelessness, all affecting their work and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### AGAINST DEFENDANT PINNACLE

55. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

57. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

### AGAINST ALL DEFENDANTS

### AGAINST DEFENDANT PINNACLE

58. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

59. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

60. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff from each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for each Plaintiff from each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: October 18, 2016          By: */s/ David J. McGlothlin*
David J. McGlothlin
Attorneys for Plaintiff